## No. 2538.

### SAMPSON BROTHERS v. KATE TOWNSEND.

In this case the defendant resisted the payment of articles of furniture which she admitted to have bought, on the ground that they had been sold, delivered and put up by plaintiffs' father under whom they claimed, for the express purpose of enabling her to fit up and keep a house of prostitution, which transaction she alleged to be reprobated by law, contrary to good morals and therefore of a nature not to be enforced by the court.

Held—That the defendant could not be permitted to avoid the payment of a debt by pleading her own infamy, for reasons assigned in a similar case lately decided, Hubbard v. Moore, 24 An. p. 591.

APPEAL from the Sixth District Court, Parish of Orleans. *Cooley,* J. *Breaux & Fenner,* for plaintiffs and appellants. *L. Madison Day,* for defendant and appellee.

Justices concurring: Ludeling, Taliaferro, Kennard.

KENNARD, J. This case is similar to that of Joseph B. Hubbard v. Susan D. Moore, lately decided by this court. The defendant seeks to avoid payment of a debt by pleading her own infamy. Furniture was bought and several installments paid on the debt. She wishes now to pay the balance by lending her aid to the elevation of the morals of the community, and invokes the maxim *contra bonos mores.*

To permit her to succeed by using a good maxim in so bad a cause would not in our opinion work good to the morals of the community, certainly not to defendants. Much refinement was indulged in in argument on the broad question.

The interests of society are better subserved by adhering to plain well defined rules of bargain and sale. To desert these upon the plea of elevating morals, when the means used open wide the door for

other evils is at least an experiment which courts should be slow to make. We prefer to leave the correction of the evil to the legislative branch of the government.

For the reasons assigned in Hubbard v. Moore and the above, it is ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and that Sampson Brothers do have and recover judgment against Kate Townsend for the sum of thirty-one hundred and forty-seven dollars and fifty cents, together with interest, as prayed for in plaintiffs' petition, with privilege upon the property sequestered.

Rehearing refused.