## J. M. BRUNSWICK & BALKE CO. v. VALLEAU.

1. **Vendor and Vendee: ARTICLE WHOSE USE MAY BE UNLAWFUL.** Where an article has a lawful use, and has no unlawful use except as a mere incident to the lawful use, the vendor is not bound to presume that it will be used unlawfully, and will not, therefore, be deemed to have knowledge that it will be.

2. ———: ———: RULE APPLIED. It constitutes no defense to an action for the purchase price of a billiard table that it may be used for the purpose of gambling, and knowledge that it will be so used cannot be inferred from the fact that the table is accompanied with a pool set, and rules for playing the game.

*Appeal from Winneshiek District Court.*

TUESDAY, DECEMBER 10.

ACTION upon five promissory notes. The answer avers that the sole consideration of the notes was "two billiard tables sold by plaintiff to defendant in Iowa, with the knowledge, understanding, agreement, intent and purpose on the part of plaintiff and defendant that the same were to be and should be used in the town of Decorah, Iowa, as implements for gambling, in violation of the statutes of Iowa, and that in pursuance of such intent the tables were so used." There was a trial by jury, verdict and judgment for the plaintiff. Defendant appeals.

*Willett & Wellington,* for appellant.

*E. E. Cooley, M. N. Johnson & Bro.* and *G. L. Faust,* for appellee.

ADAMS, J.—I. The court gave an instruction which is in the following words: "You are instructed, as matter of law, that the mere fact that the plaintiff had knowledge that the tables were to be used for the purpose of playing games, to-wit: pin-pool and billiards, thereon, constitutes no defense to plaintiff's action on the notes. In addition to the knowledge on the part of plaintiff that the tables were to be used for such gambling purposes, it must further appear from the evidence that it was a part of the contract that they should be so used, and that the plaintiff has done something in aid or furtherance of the unlawful design beyond the mere sale with knowledge of the illegal intent of the purchaser." The giving of this instruction is assigned as error.

The doctrine of the instruction was held in *Tracy v. Talmadge,* 14 N. Y., 162. It was held, however, in *Spurgeon v. McElwein,* 6 Ohio, 442, that a carpenter could not recover for labor done in erecting a nine-pin alley, appurtenant to a coffee-house.

By statute it was provided that it should be unlawful for tavern keepers and retailers of spirituous liquors to keep a nine-pin alley in connection with their business; and it was held that the plaintiff who built the nine-pin alley should be deemed to have knowledge that it was to be used as a nine-pin alley in connection with the so-called coffee-house, which use, it seems to be conceded, would have been unlawful. There was no contract that the nine-pin alley should be used as such, nor had the plaintiff any interest in it, nor did he do anything to promote its use as a nine-pin alley except to construct it. The court, however, said: "If one intends to aid another in an illegal object he shall not be assisted by the

law." The defendant relies upon this case as holding the doctrine for which he contends. It is not, we think, to be denied that it holds a different doctrine from the instruction. But the plaintiff claims that if the court erred in the instruction it was error without prejudice, and we think that this position is well taken. The mere keeping of billiard tables is not unlawful, as was the keeping of the nine-pin alley in connection with the coffee-house; nor is the use of billiard tables as such unlawful. Gambling is no part of the game of billiards. It may be done in connection with the game, as it may in connection with cards, or chess, or croquet, but gambling does not inhere in the game itself. The counsel for the defendant would concede this, but they maintain that it is shown in evidence that the tables were sold to be used in a saloon, and that they were so used; and that gambling is nearly always done in connection with the game of billiards in a saloon, while it is only occasionally done with cards; and so the sale of billiard tables to be used in a saloon must be deemed to be unlawful, while the sale of a pack of cards ordinarily would not be. In our opinion the distinction does not rest upon any legal foundation. The sale of cards, with knowledge that they are to be used in gambling, would, under the doctrine of *Spurgeon v. McElwein*, be unlawful; and if cards were made for no other purpose the seller, under the authority of that case, would be deemed to have knowledge that they were to be used in gambling. Without such knowledge the sale is not unlawful.

It is urged, however, by the defendant that the plaintiff did have knowledge that the tables were to be used in gambling. They rely not only upon the fact that the plaintiff knew that they were to be used in a saloon, where, as the evidence shows, gambling is almost universally carried on in connection with billiard tables, but upon the fact that there was sold in connection with the tables what is called a pin-pool set, and printed rules for playing the pin-pool game. These rules are introduced in evidence, and it is claimed that gambling is a part

of the game as therein laid down. The rule relied upon more especially is in these words:

"If a player neglects to claim the pool when he has made it before the next play, he must wait until his turn to play comes again, when he may declare pool; but if another makes pool in the meantime, that other is entitled to it."

It is said that pool means stakes, and so the rule contemplates playing for stakes. The testimony of persons acquainted with the game was introduced, but we have to say that it fails to satisfy us that the word *pool*, as used in the game, necessarily means stakes.

It appears to us to be a word applied to the result in favor of the winner, and that money or some other valuable thing may or may not be staked upon the result, as the parties agree.

In our opinion the law is that where an article has a lawful use, and has no unlawful use except as a mere incident to the lawful use, the vendor is not bound to presume that it will be used unlawfully, and will not, therefore, be deemed to have knowledge that it will be. Knowledge of the unlawful intention must be distinctly shown. 1 Daniels on Negotiable Instruments, 159. In this case the knowledge is not distinctly shown.

AFFIRMED.