EDNA CARROLL, Plaintiff and Respondent, v. AGNES BEARDON, Defendant and Appellant.
No. 10493
Submitted March 19, 1963. Decided May 9, 1963.
381 P.2d 295.

Donovan & Bayuk, John F. Bayuk (argued orally), Shelby, for appellant.

John C. Hoyt (argued orally), Great Falls, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of the ninth judicial district, County of Toole, in favor of plaintiff-respondent and against defendant-appellant.

This matter was submitted to the district court on depositions of the parties involved and judgment rendered after findings of fact and conclusions of law.

On March 15, 1960, Edna Carroll, hereinafter referred to as the respondent, and Agnes Beardon, hereinafter referred to as the appellant, executed instruments in writing, one a warranty deed from respondent to appellant, and a note and mortgage back from appellant to respondent for the sale of a building and acreage in the amount of $42,000. A down payment of $8,000 was made at the time of the sale, and the note and mortgage provided that the appellant would pay to respondent monthly, the sum of $1,000 for the months of January through June and $2,000 for the months of July through December. The appellant paid one monthly payment. In September 1960, a mortgage foreclosure action was instituted by the respondent setting forth the above facts, showing a sum due in the amount of $41,805.53 for the building, personal property and 50 acres of land located in Toole County.

So far the facts in the case set forth an ordinary real estate transaction with a default by the purchaser, and it is not until the appellant's answer is read that the court finds itself trying to settle a dispute of two madams over a house of prostitution. The appellant alleges by way of her answer that although she secured the deed for the property, gave the note and mortgage, and entered into possession, that the mortgage is absolutely void as contrary to express law, and public policy; that the alleged mortgage was entered into in furtherance of prostitution in violation of the laws of the State of Montana and intended by respondent Carroll and the appellant Beardon so to be, and was entered into by the parties hereto with the

knowledge, intent and purpose on their part that the said property would be used for the purpose of prostitution in violation of the laws of the State of Montana; and that prior to, and on the date of the consummation of this illegal transaction, prostitution was the only activity at the so-called Hillside Ranch.

While neither counsel had the effrontery to parade these indignant madams before the court, their depositions speak for them, and are most enlightening. Both admit that they are madams, in the limited sense of the word, and have operated this valuable piece of property, known as the Hillside Ranch as a house of prostitution, the respondent some four years prior to the sale, and the appellant since that date. Both admit to the sale of liquor without a state license, but the respondent deposed she had a federal license, leaving the court to wonder whether she is a strong central government supporter, or a more careful business woman. The appellant's position concerning these lawful taxes seem to be that her payments going from $1,000 per month to $2,000 per month during the harvest months and the Christmas season, that she could not afford the luxury of taxation.

Counsel on both sides of the case dig deep in legal lore to convince the court of the righteousness of their client's cause; the respondent with the citation of Sampson Bros. v. Townsend (1873) , 25 La.Ann. 78, which was soon after the Civil War when Louisiana was still occupied by Federal troops; and the appellant not to be outdone, relies on Pearce v. Brooks (1866), LR 1 Exch. 213, 6 Eng.Rul.Cas. 326, an 1866 English case, and then perhaps because his client's place of business is some 50 miles from the Canadian border, and to give the case a good neighborly aroma, he cites and argues the merits of a case from our neighboring province of Alberta, Rose v. Donaldson, (Alta.1931) 3 WWR 480.

To the findings of the district court, the appellant's three

specifications of error direct themselves to an alleged abuse of discretion of the court as to the law and the evidence.

Many courts refuse to aid either party to contracts where the transaction is illegal. E. P. Wilbur Trust Co. v. Fahrendorf, 64 S.D. 124, 265 N.W. 1; Bartron v. Codington County, 68 S.D. 309, 2 N.W.2d 337, 140 A.L.R. 550.

A review of the evidence put before the court in this case tempts this court to dismiss the appeal, however, there are many decisions to the effect that where the sale is of property that may or may not be used for an illegal purpose, that it is no defense that the seller knew the purpose of the buyer, without further evidence implicating the seller. See State of New Mexico v. Capital City Bank, 32 N. Mex. 369, 257 P. 993, 53 A.L.R. 1356, Anno. 53 A.L.R. 1373, and Fuchs v. Goe, 62 Wyo. 134, 163 P.2d 783, 166 A.L.R. 1329, Anno. 166 A.L.R. 1362.

In the absence of active participation, the defense of illegality is ordinarily not available to the party who has breached the contract, where the fault and illegality are unilateral on her side of the transaction. See Augir v. Ryan, 63 Minn, 373, 65 N.W. 640; Larx Co., Inc. v. Nicol, 224 Minn. 1, 28 N.W.2d 705.

The bare knowledge of the purpose for which the property is sold is not enough to raise the valid defense of illegality. Anheuser-Busch Brg. Ass'n v. Mason, 44 Minn. 318, 46 N.W. 558, 9 L.R.A. 506; Kittle v. DeLamater, 4 Neb. 426; Brunswick & Balke Co. v. Valleau, 50 Iowa 120, 32 Am.Rep. 119; Anno. 166 A.L.R. 1364, Anno. 53 A.L.R. 1364; Restatement, Contracts, § 602(1).

It is also important to consider the fact that the defendant has had the benefit of this contract for several years. Her status naturally does not appeal to the favor of this court, and in order to sustain such a defense a party who has reaped its benefits must show more active participation by the seller than has been shown here.

As pointed out in the brief of respondent, this same ques-

44

tion, raising the illegality of the sale of gambling equipment was before the Supreme Court of Wyoming in the case of Fuchs v. Goe, 62 Wyo. 134, 163 P.2d 783, 166 A.L.R. 1329. The appellant's answer is amazingly similar to the answer in the Fuchs case, excepting where of necessity the words must be changed from gambling to prostitution. Under the circumstances of this case we feel the holding in the Fuchs case, supra, should prevail here. In the Fuchs case, as in this case, after the sale of the property, the seller had no connection with the business. The court, quoting from 32 Am.Jur. 68-69, § 49, in the Fuchs case in this connection stated:

" ' * * * in order to defeat a recovery for rent by the lessor it must be shown that he participated in some degree, however slight, in the wrongful purpose and intended the property be so used, and that mere indifference on his part as to the intended use of the premises is not sufficient to bar his recovery. Mere knowledge on the lessor's part that the lessee will use the premises for an unlawful purpose does not make the lessor a participant in that purpose; for mere knowledge that the lessee may or will use the premises for an unlawful purpose is not of itself sufficient to show that the lessor intended that they must or shall be so used'." See also 6 Williston on Contracts (Rev.Ed.), p. 5060, § 1779.

Finding ample evidence in the record to sustain the trial court's findings and conclusions, the judgment appealed from is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES and DOYLE concur.

MR. JUSTICE ADAIR concurring in part and dissenting in part.

I concur in the result, but not in all that is said in the above opinion. This is a case of the pot calling the kettle black. However, the calling of names will not pay the promissory note nor discharge nor invalidate the mortgage upon which this

action was brought. Each party to the contract is required to keep her promises and to perform her obligations thereunder. Refusal and failure to keep her promises or to perform her obligations subject the defaulting defendant, Agnes Beardon, to the penalties that attach upon the breach of her contract. These penalties were lawfully invoked and judgment for the plaintiff, Edna Carroll, rightfully given and entered.