Calvin DEBOSE and Janice
Debose, Plaintiffs,

v.

Arnold MUELLER and George Mueller,
d/b/a George F. Mueller & Sons, Inc., a
partnership, Arnold Mueller & Gloria,
Defendants.

No. 82 C 4739.

United States District Court,
N.D. Illinois, E.D.

Nov. 18, 1982.

Robert D. Gordon, Chicago, Ill., for plaintiffs.

William H. Rubin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This action was filed on July 30, 1982, as a complaint under 42 U.S.C. § 1982 and 42 U.S.C. § 3604. Plaintiffs asserted that defendant apartment building owners and their agents had refused to rent them an apartment because plaintiffs are black. Prior to the matter coming to trial, opposing counsel met in this Court's chambers on August 12, 1982, and agreed as a settlement of the suit that plaintiffs would allow the action to be dismissed in exchange for defendant's promise to pay them the sum of $500.00.[1] On the same date, this Court entered a minute order dismissing the cause with leave to reinstate on or before August 31, 1982. On August 24, the Court entered an order dismissing the cause with prejudice and allowing plaintiffs to file a motion for attorney's fees or to enforce the settlement. On September 3, plaintiffs moved to vacate the order of dismissal on the grounds

---

1. There is an assertion in plaintiffs' pleadings that defendants' counsel on August 18, 1982, denied making the settlement. This denial, if it was made, is totally preposterous. The settlement was agreed to by counsel in the presence of the Court on August 12. Later that day, the settlement was made of record as a dismissal of this cause. Once a settlement is reached, it cannot be repudiated by the parties. *Cummins Diesel Michigan, Inc. v. The Falcon*, 305 F.2d 721 (7th Cir.1962).

that defendant had refused to honor the settlement agreement. On September 10, plaintiffs moved in the alternative to enforce the settlement and address attorney's fees. A briefing schedule on the motion was set by the Court. Defendant has failed to respond to the motions. Accordingly, presently before the Court are plaintiffs' motions to reinstate and to enforce the settlement and assess attorney's fees of $500.00, to which defendant has failed to respond. Because we will grant the motion to enforce the judgment and assess attorney's fees, plaintiffs' motion to reinstate need not be discussed.

■ In the instant case, the Court is asked to enforce an oral agreement entered into in settlement of litigation pending before it. No persuasive argument can be found for the denial of the motion on the facts before the Court. It is well settled that courts retain inherent power to enforce settlement agreements reached in litigation pending before them. *Fairfax Countywide Citizens v. Fairfax County,* 571 F.2d 1299, 1304 (4th Cir.), *cert. denied,* 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978); *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371 (6th Cir.), *cert. denied,* 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976). This is because of the strong policy in favor of settlement and the resulting avoidance of costly and time-consuming litigation. *Kukla v. National Distillers Products Co.,* 483 F.2d 619 (6th Cir.1973). This power has been upheld even when agreements are oral rather than written, *Autera v. Robinson,* 419 F.2d 1197 (D.C.Cir.1969), as in the instant case.

■ This inherent power may be summarily exercised by a court to enforce a settlement agreement reached while a matter is pending before it, *Cia Anon Venezolana de Navegacion v. Harris,* 374 F.2d 33 (5th Cir.1967), unless there is a material dispute about whether the negotiations reached the level of a binding agreement. *Massachusetts Casualty Ins. Co. v. Forman,* 469 F.2d 259 (5th Cir.1972), *modified on other grounds,* 516 F.2d 425 (1975), *cert. denied,* 424 U.S. 914, 96 S.Ct. 1114, 47 L.Ed.2d 319 (1976). In the instant case, defendant has raised no argument that a settlement agreement was not reached, nor has any assertion been made that the terms of the agreement have, in fact, been met.[2] Summary enforcement is especially well suited to a case, such as this, where there is no factual dispute and no valid defense to enforcement. *Autera* at 1200, text and n. 11.

For the reasons stated above, plaintiffs' motion to enforce the settlement and assess attorney's fees is granted. Plaintiffs' motion to reinstate is denied. Defendant is hereby ordered to pay plaintiffs the $500.00 agreed to in the settlement agreement of August 12, 1982, and an additional $500.00 in attorney's fees. It is so ordered.

---

**2.** As stated earlier in this opinion, in spite of being given a specific time to respond, defendant has not filed an answer to either the motion to reinstate or the motion to enforce the judgment and assess attorney's fees.