**William G. HERRON, Richard J. Egan, James R. Mc Kenna, William J. Murphy, Bruno Szwarzenski and Jerry A. Valenzio, Plaintiffs,**

v.

**CITY OF CHICAGO, an Illinois municipal corporation, Charles A. Pounian, as Commissioner of the Department of Personnel, John Corey, as Commissioner of the Department of Water, Defendants.**

No. 83 C 4259.

United States District Court,
N.D. Illinois, E.D.

Oct. 7, 1985.

Diane MacArthur, Edward T. Joyce, Joyce & Kubasiak, Chicago, Ill., for plaintiffs.

Donald Hubert, James D. Montgomery, Corp. Counsel, City of Chicago, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

WILL, District Judge.

Before the Court are defendants' motion to enforce the settlement agreement reached in this case, and plaintiffs' motion to amend their third verified complaint purportedly to conform the pleadings to the evidence adduced at trial. Plaintiffs seek to amend their complaint, pursuant to Fed. R.Civ.P. 15(b), by adding claims under 42 U.S.C. §§ 1983 and 1988. For the reasons stated below, we grant defendants' motion to enforce the settlement agreement, and deny plaintiffs' motion to amend the complaint.

### The Settlement

In their third verified complaint, plaintiffs sought a finding that the defendants were in contempt of this Court for violating the terms of the consent decree of May 5, 1982, entered in *Shakman v. Democratic Organization of Cook County,* 69 C 2145. The complaint alleged that three individual defendants, Porche, Miller, and Esteban, were promoted to supervisory positions instead of any of the plaintiffs, due to political considerations. At the close of trial, after a conference in chambers, the Court decided to issue a memorandum opinion holding that the *Shakman* consent decree prohibited patronage promotions, but that individual city employees seeking a promotion did not violate the decree by solicit-

ing or receiving the help and recommendations of political or other sponsors. Thus, we dismissed the case against the three individual defendants who received promotions which were allegedly based on patronage considerations. *See Herron v. City of Chicago*, Mem. op. (N.D.Ill. October 3, 1985). The remaining parties and the Court then had extended settlement discussions at the conclusion of which a settlement was reached. The Court then summarized, for the record, the terms of the settlement agreement which had been reached by the remaining parties. Tr. at 429–34.

The terms of that settlement are as follows. The City agreed to pay $70,000 to plaintiffs "in the near future." That amount explicitly included attorneys' fees, and any costs or other expenses. Other than the $70,000 payment, each party was to bear its own costs and expenses, including attorneys' fees. The City also agreed that the next three promotions from Water Rate Taker to Supervisor of Water Rate Takers would be made from the current eligibility list of qualified applicants which includes the six plaintiffs and one other individual. The parties understood that the Court was to enter an opinion making it clear that patronage promotions are prohibited by the *Shakman* consent decree, that individual employees do not violate the decree by seeking and receiving help in attaining promotions, and that, accordingly, defendants Miller, Esteban, and Porche were dismissed as defendants. Plaintiffs agreed not to appeal the dismissal of those three defendants.

All six plaintiffs were in court when the terms of the settlement were summarized by the Court, and none objected when their attorney, O'Laughlin, agreed to the settlement. Nor did plaintiffs' co-counsel, MacArthur, object to the settlement. In fact, she thanked the Court for its careful consideration of the case. Now, some of plaintiffs' attorneys seek to repudiate the settlement. Attorneys Joyce and MacArthur evidently seek an additional $23,000 in fees. Because the City of Chicago refused to accede to the demand for more money,

plaintiffs seek to amend the complaint allegedly to conform the pleadings to the evidence adduced at trial by adding section 1983 and 1988 claims so that they can attempt to recover statutory attorney fees. The relief in the case would not be altered by adding section 1983 and 1988 claims.

### Amending the Complaint

Plaintiffs' attorneys argue that (1) during the course of the trial the nature of the suit changed from one vindicating the rights of the individual plaintiffs to one vindicating the rights of all city employees; (2) the settlement agreement included fees only for the work done on behalf of the individual plaintiffs, and did not encompass fees for the work allegedly done on behalf of all city employees; (3) evidence was adduced at trial proving a violation of sections 1983 and 1988, and that those claims were tried by implicit agreement of the parties so that plaintiffs have a right to amend their complaint under Fed.R.Civ.P. 15(b) to conform the pleadings to the evidence. Finally, attorneys for plaintiffs argue that (4) they should be compensated as private attorneys general due to the alleged benefit they bestowed on all city employees by getting the Court to clarify that patronage promotions are covered by the *Shakman* decree.

Plaintiffs' attorneys are wrong on all four counts. First, what became clear during the course of trial was that at most two defendants were promoted based on political considerations, and that at best only two of the six plaintiffs could get any relief if the case were decided by the Court. Furthermore, since the promoted defendants did not violate the decree, they would not be removed from the supervisor jobs and the plaintiffs would get no immediate promotions. Finally, it appeared that the defendants had a potentially strong legal defense to a finding of contempt, *i.e.*, ambiguity in the decree. For these reasons, plaintiffs' expectations changed, but the nature of the suit did not.

Second, the settlement agreement encompassed the complete agreement of

the parties and no further fees were contemplated. It is absolutely clear that no one in court at the time the settlement agreement was entered contemplated that plaintiffs' attorneys would seek further attorneys' fees under any guise. As the Supreme Court recently reiterated in the context of Fed.R.Civ.P. 68 offers of judgment, "[i]f defendants are not allowed to make lump sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers." *Marek v. Chesny,* —— U.S. ——, 105 S.Ct. 3012, 3016, 87 Ed.2d 1 (1985). It is clear that defendants can cut off their liability for section 1988 attorney fees with a successful Rule 68 offer. It ought to be equally clear that defendants can cut off all liability, including attorneys' fees, by settling a case.

This case would not have been settled if open-ended liability for attorneys' fees under section 1988 had been contemplated. It was not contemplated, and plaintiffs' attorneys' attempt to extract more money from the City by amending the complaint to add a claim that neither the parties, nor the Court, thought was being tried during the trial is a transparent effort to get around the valid and final settlement entered on behalf of their clients.

Third, plaintiffs did not try section 1983 and 1988 claims at all, much less by agreement, explicit or implicit. All of the evidence introduced at trial went to the issues raised in the complaint. Plaintiffs claim that Commissioner Corey's testimony proves a violation of section 1983. Corey testified that calls from the Mayor's Office were the motivating factor in his decision to promote the two defendants, Miller and Esteban, rather than any of the plaintiffs or other eligible candidates.

This evidence was essential to proving one element of a *Shakman* decree violation. Plaintiffs had to show that political considerations were a substantial or motivating factor in the decision to promote. Whether Corey's testimony also goes to prove a violation of section 1983 is irrelevant under Fed.R.Civ.P. 15(b). The situation we are presented with here is summed up very succinctly in 3 Moore's Federal Practice ¶ 15.13[2] at 15–171:

> The purpose of an amendment to conform to proof is to bring the pleadings in line with the actual issues upon which the case was tried; therefore, an amendment after judgment is not permissible which brings in some entirely extrinsic issue or changes the theory on which the case was actually tried, even though there is evidence in the record—introduced as relevant to some other issue— which would support the amendment. This principle is sound since it cannot be fairly stated that there is any implied consent to try an issue where the parties do not squarely recognize it as an issue in the trial.

Plaintiffs point to no evidence which is relevant to their section 1983 claim which is not relevant to another issue in the case. In fact, when they did try to introduce evidence of the number of black supervisors, which was only relevant to a charge of racial discrimination, the evidence was excluded as not relevant to any issue in the case.

More importantly, Rule 15(b) does not provide for amending a complaint after *settlement.*[1] Plaintiffs cite cases which hold

---

1. Fed.R.Civ.P. 15(b) provides:

   **(b) Amendments to Conform to the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

that pleadings can be amended to conform to the evidence by adding related causes of action after judgment on the merits of the case has been entered. *See, e.g., Trapnell v. Riggsby*, 622 F.2d 290, 294 (7th Cir.1980). They also cite cases which hold that plaintiffs can be considered to be prevailing parties even though the case was settled, and thus can be entitled to statutory attorney's fees. *See, e.g., Brown v. Culpepper*, 559 F.2d 274, 277 (5th Cir.1977). However, plaintiffs cite no cases which hold that Rule 15(b) permits adding a claim for statutory attorneys' fees after a settlement which explicitly included attorneys' fees. Apparently, until now, no one has had the requisite chutzpah to urge such contention. At least, no case involving an attempt to collect additional fees after settlement has been brought to the Court's attention.

### Enforcing the Settlement Agreement

■ Voluntary resolution of litigation, through settlement, is favored by the courts. *Victory Beauty Supply Co. v. Lus-ter-oil Beauty Products Co.*, 562 F.Supp. 786, 789 (N.D.Ill.1983). A settlement agreement is a contract, *Reichelt v. Urban Investment and Development Co.*, 611 F.Supp. 952 (N.D.Ill.1985), which cannot be unilaterally repudiated by any of the parties. *Debose v. Mueller*, 552 F.Supp. 307, 308 (N.D.Ill.1982); *see also Village of Kaktovik v. Watt*, 689 F.2d 222, 230 (D.C. Cir.1982). The interpretation of a settlement agreement is controlled by state law governing contracts generally. *Air line Stewards & Stewardesses Ass'n Local 550 v. American Airlines Inc.*, 763 F.2d 875, 877 (7th Cir.1985). The primary objective of construing a contract is to give effect to the intent of the parties. *Id. citing Schek v. Chicago Transit Authority*, 42 Ill.2d 362, 364, 247 N.E.2d 886, 888 (1969). Here, since the agreement is unambiguous, we need look no further. *See J.R. Watkins Co. v. Salyers*, 384 Ill. 369, 373, 51 N.E.2d 574, 576 (1943). The settlement agreement was intended by all of the parties, and understood by the Court (which participated in settlement discussions) to be a final and complete resolution of the entire case. Attorneys' fees were included in the amount the City of Chicago agreed to pay to the plaintiffs. Plaintiffs cannot now seek additional fees based on a theory which was neither tried, nor contemplated during the settlement negotiations.

■ Courts retain the inherent power to enforce settlement agreements reached in litigation before them, even when the agreements are oral rather than written. *See, e.g., Debose*, 552 F.Supp. at 308, *see also Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1015 (D.C.Cir.1985); *Lyles v. Commercial Lovelace Motor Freight, Inc.*, 684 F.2d 501, 504 (7th Cir. 1982); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir.), *cert. denied*, 429 U.S. 862 (1976); *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir.1974); *Cummins Diesel Michigan, Inc. v. The Falcon*, 305 F.2d 721, 723 (7th Cir. 1962). Though a written agreement was contemplated by the parties, it was not executed due to plaintiffs' recalcitrance. The terms of the settlement, however, are clear from the record, were agreed to by all parties, and cannot now be changed unilaterally.

### Conclusion

The section 1983 claims were not tried by agreement, implicitly or explicitly. More importantly, the settlement was considered final by all the parties to it. Additional fees were not contemplated, and will not be allowed. Plaintiffs' attempt to collect additional fees, or to create an appealable issue to open up the settlement violates the terms of the settlement. Defendants' motion to enforce the settlement is granted, and plaintiffs' motion to amend the complaint is denied. An appropriate order will enter.