John J. MATTINGLY, Plaintiff,

v.

CITY OF CHICAGO; Peter Devalle; Willie Miranda and John Does 1–3, Defendants.

No. 92 C 4530.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 8, 1995.

Harold C. Hirshman, Catherine Ann Van Horn, Sonnenschein, Nath & Rosenthal, Chicago, IL, for plaintiff.

Kelly Raymond Welsh, James Patrick McCarthy, Patrick J. Rocks, Jr., Justin Paul Erbacci, Margaret Ann Carey, Patricia Jo Kendall, City of Chicago, Law Department Corporation Counsel, Chicago, IL, for City of Chicago.

Dawn Eileen Bode, John F. McGuire, City of Chicago, Law Department Corporation Counsel, Chicago, IL, for Willie Miranda.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff, John J. Mattingly ("Mattingly") filed the instant complaint seeking relief resulting from his arrest and incarceration for ten days, pursuant to an Order for Body Attachment issued by the Circuit Court of Cook County. The City of Chicago (the "City") and Willie Miranda (collectively the "Defendants") have filed a motion to enforce a settlement agreement that was entered into by the parties in this case.

### Discussion

The original complaint was filed on July 14, 1992, alleging violations under § 1983, the Illinois Constitution, and Illinois statutes against the Sheriff of Cook County, several Cook County Sheriff's officers, officers of the Cook County Department of Corrections (collectively the "Cook County Defendants"), and four "John Does" who plaintiff believed were employees of the City of Chicago. Plaintiff later named the City and Willie Miranda as additional defendants in this action. The current Amended Complaint was filed in August, 1993.

Plaintiff settled with the Cook County Defendants who were voluntarily dismissed on March 1, 1994. The only defendants who remain in this case are the City and Willie Miranda. When the case was transferred to this court in October 1994, a fully briefed motion to dismiss the Amended Complaint was pending. At the first status hearing before this court on October 18, 1994, the parties asked the court for a settlement conference. On November 23, 1994, the court held a settlement conference in chambers. Counsel for all of the remaining parties and Mattingly were present at the settlement conference. The court discussed fully the issues remaining in this action with all of the parties. At the end of the conference the parties agreed to settle the case for a payment of $32,500 to the plaintiff by the City. This agreement was placed on the record, and the court and parties agreed that the parties were to file with the court an agreed judgment against the City and a stipulation to dismiss the individual defendant by November 29, 1994. Counsel for the City discussed the nature of the City's usual general release documents and counsel for plaintiff agreed to work out any corrections or changes that might have been required.

Counsel for the City drafted and sent a Stipulation and Judgment Order (the "Stipulation") to Plaintiff following the settlement conference. Plaintiff returned the draft seeking "minor corrections." The parties continued to exchange drafts, and sought further assistance from the court when they felt that only a few disputed terms remained unresolved. On February 23, 1995, counsel for the City and counsel for Mattingly met with the court to discuss the disputed terms. Following this meeting, counsel for Mattingly sent Defendants a letter dated March 16, 1995, setting down in writing the issues that were agreed in the February 23, 1995, conference to be incorporated in the Stipulation. Defendants incorporated those changes and sent a final draft to plaintiff's counsel.

Plaintiff's counsel was unable to obtain Mattingly's signature on the agreed Stipulation and asked the court for another settlement conference. On May 10, 1995, the court again met with counsel for the City, counsel for Mattingly, and Mattingly. During this conference, counsel for all parties agreed that the final draft of the Stipulation, as written, set forth the terms the parties had agreed to on November 23, 1994. Mattingly acknowledged that he had agreed to

the terms in the Stipulation. However, against the advice of his counsel, Mattingly refused to sign the Stipulation. Mattingly stated that he wanted to add other unrelated claims to the instant case, and he did not think that he would be able to get another lawyer to take on a new case. Mattingly's counsel told Mattingly that they believed that the Stipulation contained all the terms to which all parties had agreed. Counsel further told Mattingly that if he refused to sign the agreement they could no longer represent him in this case.

On May 31, 1995, plaintiff's counsel filed a motion to withdraw, attaching a copy of the final draft of the Stipulation that they acknowledged set forth the agreed settlement terms. The court entered and continued the motion to July 5, 1995, to allow time for any objections. There were no objections filed nor were any objections raised at the July 5 hearing. Mattingly did not appear either on May 31 or July 5. The court therefore granted the motion to withdraw on July 5, 1995.

■ On July 6, 1995, Defendants filed the instant motion to enforce the settlement agreement. "A settlement agreement is a contract and as such, the construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally." *Laserage Technology v. Laserage Laboratories,* 972 F.2d 799, 802 (7th Cir.1992). Oral settlement agreements are enforceable "as long as there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement." *Wilson v. Wilson,* 46 F.3d 660, 666 (7th Cir.1995); *Herron v. City of Chicago,* 618 F.Supp. 1405, 1409 (D.C.Ill.1985). The agreement is not invalid simply because it calls for the parties to reach another agreement in the future if "the terms to be agreed upon in the future can be determined independent of a party's mere 'wish, will, and desire,' either by virtue of the agreement itself or by commercial practice or other usage or custom." *United States v. Orr Const. Co.,* 560 F.2d 765, 769 (7th Cir. 1977); See also, *Laserage,* 972 F.2d at 802 (a party's "secret hopes and wishes count for nothing because the status of a document as

a contract depends on what the parties express to each other and to the world, not on what they keep to themselves").

■ During the November 23, 1994, settlement conference the parties all agreed to settle all claims in the instant action for $32,500. Mattingly himself, after discussions and advice from counsel, agreed to this settlement and stated his agreement. The court therefore finds that a legally binding settlement contract was made based on the what each of the parties, including Mattingly, expressed to each other and the court on November 23, 1994.

While the City vehemently asserted that they never use anything but a standard general release form, counsel agreed to the changes Mattingly demanded. The final draft of the Stipulation states that Mattingly accepts judgment against defendants for $32,500. Paragraph 9 states in part:

> Plaintiff, upon advice of counsel, understands and agrees that the judgment entered ... is final and total settlement of all claims he had or has against [Defendants].. including but not limited to all claims he had, has or may have in the future, under state or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, except ... those claims specifically delineated in paragraph 5 ...

Paragraph 5 then lists four claims that Mattingly had instructed his counsel that he specifically did not want to waive. Counsel for all parties agree, and it is common practice, that when a claim is settled, the plaintiff must agree to release any claims against the settling parties that were named in the suit, or arose from the events alleged in the action. The court finds that the final draft of the Stipulation attached to Exhibit G in Defendants' motion, minus Mattingly's handwritten changes, accurately sets forth the terms that all of the parties, including Mattingly himself, agreed to on November 23, 1994.

■ In his *pro se* response, Mattingly asserts that: (1) no agreement was made because the Stipulation was written by the City and is "unfair, unbalanced, and possibly ille-

gal on its face"; (2) plaintiff never accepted Defendants' offer; and (3) any agreement Mattingly made to settle was made by mistake, fraud, duress, undue influence and other factors that warrant the setting aside of any contract.[1] As discussed above, the court finds that the Stipulation is fair and legal, and that Mattingly and his counsel accepted the offer in the settlement conference held on November 23, 1994. The terms of the settlement were agreed to by all of the parties and cannot be changed unilaterally by any of the parties. *Herron*, 618 F.Supp. at 1405.

■ Mattingly does not state any facts to support his allegation that the agreement was made by mistake, fraud, duress, undue influence, or any factor that warrants setting aside the settlement agreement. Mattingly appeared personally before the court in two settlement conferences. Mattingly participated fully in all discussions and was given an opportunity to state his views during each session. At no time did Mattingly appear to be confused as to what was happening, or about the terms of the settlement agreement. Further, there is no factual support or evidence before the court, other than Mattingly's own conclusory statements, that Mattingly's assent was made by mistake, fraud, duress, undue influence or any other factor that would justify setting aside the settlement agreement. Accordingly, the court grants defendant's motion to enforce the terms of the November 23, 1994, agreement.

### CONCLUSION

For the reasons set forth above, the court grants defendants' motion to enforce the settlement agreement. The City shall file a judgment order reflecting the agreed settlement terms in chambers on or before September 15, 1995.

---

1. Mattingly also asserts that the court improperly granted his former counsel leave to withdraw. Mattingly claims that he did not receive proper notice of the motion to withdraw and was not given adequate time to obtain new counsel. The court notes that Mattingly was told of his counsels' intent to withdraw at the conclusion of the May 10, 1995, settlement conference. Further, he admits in his response that he received a letter on July 6, 1995, from his former counsel of their intent to withdraw. Mattingly did not file any objection to the withdrawal. The court finds no reason to vacate the order allowing Mattingly's counsel to withdraw.