**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**ROCKWELL INTERNATIONAL CORPORATION and Cambridge Industries, Inc., Defendants.**

No. 95 C 3824.

United States District Court,
N.D. Illinois,
Eastern Division.

April 10, 1996.

Jean Powers Kamp, Gordon G. Waldron, John C. Hendrickson, United States Equal Employment Opportunity Commission, Chicago, IL, for Equal Employment Opportunity Commission.

James E. Dull, Mt. Vernon, IL, for Jerry Hughey.

Stanley Eisenstein, Michael B. Erp, Martha Aileen Garcia, Lynn L. Miller, Katz, Friedman, Schur & Eagle, Chtd., Chicago, IL, for Richard Ayers, Keith Braddy, Douglas Davis, Walter Grimes, Danny Howell, Melissa Koehler, Larry Mann, Boyd Meskill, Jeffery Moore, Michael Roper, Jason Struckhoff, and Raymond Stull.

Richard H. Schnadig, Nina G. Stillman, Carol Louise Browne, Karen Taylor Donmoyer, James Edwin Bayles, Jr., Vedder, Price, Kaufman & Kammholz, Chicago, IL, for Rockwell Intern. Corp.

Michael White Coffield, Brian W. Ellis, Coffield, Ungaretti and Harris, Chicago, IL, for Cambridge Industries Inc.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff United States Equal Employment Opportunity Commission (the "EEOC") filed its one-count amended complaint alleging that defendants Rockwell International Corp. ("Rockwell") and Cambridge Industries Inc. failed to hire applicants for employment based on a perceived disability and used employment tests that screened out a class of individuals perceived to have disabilities, in violation of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and Title I of the Civil Rights Act of 1991. Rockwell has filed a motion to dismiss in part the amended complaint pursuant to Fed.R.Civ.P. 12(b), contending that the court lacks jurisdiction over any claim of discrimination other than that which involves Rockwell's Centralia, Illinois facility.

### Exclusion of Documents

Before reaching the merits of Rockwell's motion, Rockwell moves to exclude from the court's consideration all references to documents attached to plaintiff's response, including: (1) the Declaration of Donald Marvin (an EEOC investigator assigned to the Chicago District Office); (2) selected pages from the 1992–1995 Collective Bargaining Agreement; (3) file notes of Donald Marvin; and (4) the June 9, 1994 Conciliation Letter (the "Conciliation Letter"). Rockwell argues that these documents are not referenced in the amended complaint and thus are not properly considered on a Rule 12(b) motion without converting the motion to a Rule 56 motion for summary judgment. Rockwell further argues that the Conciliation Letter is inadmissible under 42 U.S.C. § 2000e–5(b) ("§ 2000e–5(b)").[1]

---

1. Section 2000e–5(b) provides the jurisdictional requirements necessary for the EEOC to assert an action. The statute provides in part that: ... Charges shall not be made public by the Commission. If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action.... If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned. Any person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both....

■ Rockwell's motion is entitled Motion to Dismiss in Part Amended Complaint. Rockwell states that it is brought pursuant to Rule 12(b). Rockwell does not argue in its motion that plaintiff has failed to state a claim upon which relief can be granted; rather, Rockwell argues that the court does not have proper subject matter jurisdiction over part of plaintiff's claim. Based on the arguments in its motion, and Rockwell's failure to specify otherwise, the court interprets Rockwell's motion as brought pursuant to Rule 12(b)(1). Accordingly, the court can consider matters outside the pleadings without treating the motion as one brought pursuant to Rule 56. *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir.1995) ("The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists").

■ As to the admissibility of the Conciliation Letter under § 2000e–5(b), the court first considers the statutory bar. In § 2000e–5(b) Congress takes into consideration the privacy rights of the commission and private employers in guarding against the release of speculative discriminatory allegations, investigations, and conciliation proceedings. Under the statute, this bar can be lifted when there is written consent by both parties concerned. In its brief in support of its motion to dismiss Rockwell cites a portion of the Conciliation Letter and attached a letter written to Rockwell's counsel concerning the proposed conciliation agreement. Further, Rockwell's claim that this court lacks jurisdiction is in part based on the scope of plaintiff's conciliation efforts. Plaintiff then attached a copy of the Conciliation Letter to its response brief, seeking to have the court determine for itself whether the language in the letter provided Rockwell with sufficient notice of the scope of its conciliatory efforts to support jurisdiction over claims involving Rockwell's facilities other than Centralia.

■ This situation is analogous to the rule that prohibits the admission into evidence of anything said during a settlement conference or exchanged in writing between attorneys concerning settlement negotiations. This bar does not apply, however, when the court must decide the issue of whether the parties entered into a binding settlement agreement. *See, Mattingly v. City of Chicago,* 897 F.Supp. 375 (N.D.Ill.1995) (the defendants moved to enforce a settlement agreement).[2] In considering such a motion, the court must consider the oral and written statements of the parties to determine whether the parties entered into a legally binding agreement. *Mattingly,* 897 F.Supp. at 377.

In the instant case, Rockwell specifically raised the issue of the scope of plaintiff's conciliation efforts in its motion. Further, both parties cited the terms of the Conciliation Letter in their briefs.[3] Based on these facts, the court finds that Rockwell has waived the bar in 2000e–5(b), and that the court may consider the written conciliation negotiations between the parties for purposes of Rockwell's jurisdictional motion.

### Jurisdiction Over the Scope of Plaintiff's Claim

■ In the amended complaint, the EEOC alleges that Rockwell violated the ADA at various of its facilities. Rockwell moves to dismiss allegations of discrimination with respect to facilities other than Rockwell's Centralia, Illinois, facility, arguing that the EEOC has not satisfied the jurisdictional prerequisites necessary to maintain claims

**2.** *See also, Garcia v. Zenith Electronics Corp.,* 58 F.3d 1171, 1175 (7th Cir.1995) ("the attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advise at issue in the litigation").

**3.** Defendant cites *EEOC v. Akron Nat. Bank,* 497 F.Supp. 733, 737 (N.D.Ohio 1980), in which the court held that the defendant's proffered conciliation agreement and affidavit must be disregarded under § 2000e–5(b). In *Akron Nat. Bank* the defendant alone raised and submitted the terms of the conciliation, and there is no evidence that the plaintiff also agreed to have the court consider the terms of the conciliation discussions. This fact alone distinguishes *Akron Nat. Bank* from the instant case. This court respectfully disagrees, however, with the Ohio district court's determination that it should not consider the parties' evidence considering the conciliation discussions when determining whether the plaintiff had met its jurisdictional conciliation requirements.

against any Rockwell facility other than its Centralia facility. This case arose from twelve individual charges of discrimination filed with the EEOC by applicants who unsuccessfully sought employment at Rockwell's Centralia facility. Rockwell asserts that because the EEOC did not investigate the possibility of discrimination at Rockwell facilities other than Centralia, there is no basis in law or logic for the EEOC to expand its original investigation and findings regarding Rockwell's Centralia facility to a lawsuit encompassing all Rockwell facilities.

When read carefully, *Equal Employment Opportunity Com'n v. Am. Nat. Bank*, 652 F.2d 1176, 1185 (4th Cir.1981), *cert. den.*, 459 U.S. 923, 103 S.Ct. 235, 74 L.Ed.2d 186, a case relied on by Rockwell, is on point and directly contradicts Rockwell's argument. In *Am. Nat. Bank*, the EEOC sought to include two branches of the defendant bank in its complaint, although the EEOC determination letter found reasonable cause at only one branch. The district court concluded that the charges relating to the second branch involved "new discrimination" that could not be made part of the suit. The Fourth Circuit reversed, stating that the question was not whether the court had jurisdiction over "new" charges of discrimination brought for the first time by the EEOC in its civil complaint, but whether the court had jurisdiction over the same charges of discrimination against a single defendant, expanded to include the same practices at all its branch offices. 652 F.2d at 1185.

The court held that, "jurisdiction to all branches of [the defendant] was proper in this case because there was, through the EEOC's investigation and attempted conciliation with regard to [one branch], adequate notice to the defendant of the practices under investigation and ample opportunity for conciliation concerning those practices." *Id.* The court went on to note that had conciliation been successful, whatever changes that would have been instituted at the one branch "would no doubt logically and necessarily have been made at [the other] branches as well."

■ In the instant case, defendant operates facilities nationwide. Counsel for defendant, who is representing defendant nationwide, was given notice of the EEOC's allegations concerning the alleged illegal practices and the EEOC's wish to reconcile this issue at all facilities and plants where the alleged discriminatory tests were or are used.[4] The reason for requiring that a particular charge of discrimination be the subject of the reasonable cause determination and conciliation is to notify the employer that practices related to these charges are suspect and allow the employer an opportunity to remedy the problem out of court. *Am. Nat. Bank*, 652 F.2d at 1186.

The court finds that Rockwell was given sufficient pre-litigation notice of the specific tests and practices complained of in the amended complaint and the EEOC's objection to such practices at any facility or plant in which Rockwell uses those tests. The court's decision is further supported by the standard adopted in another case cited by Rockwell, *Equal Employment Opportunity Commission v. E.I. DuPont de Nemours and Co.*, 373 F.Supp. 1321, 1335 (D.C.Del.1974), *aff'd*, 516 F.2d 1297 (3rd Cir.1975). In *Du-*

---

4. In a letter from Eileen Anstadt, an EEOC enforcement supervisor, to Rockwell dated June 9, 1994, Anstadt states:

... As a follow up to our conversation of June 2, 1994 in which you requested that the provisions of a proposed conciliation agreement which we discussed be reduced to writing, the following constitutes those provisions sought by the Commission in an attempt to eliminate the discriminatory policies and practices alleged ...

. . .

2. Immediately cease the practice of disqualifying applicants for hire based on the results of the nerve conduction test for all positions at all facilities where the practice is currently being followed.

3. Post a notice at all facilities where the nerve conduction test was/is used concerning the resolution of the EEOC charges, and informing employees of their right to contact the Commission concerning any inquiries regarding employment discrimination.

. . .

9. Respondent will provide any potential successor with a copy of the Conciliation Agreement within a reasonable time prior to the conclusion of negotiations for acquisition or assumption of control of any facility or plant of Respondent ...

. . .

**122**

*Pont,* the court adopted the Fifth Circuit's standard that the allowable scope of an individual lawsuit is not defined by the allegations in the original charge, "but rather by the scope of the EEOC investigation which can reasonably be expected to grow out of that charge." *Id., citing, Sanchez v. Standard Brands,* 431 F.2d 455, 466 (5th Cir. 1970).

The *DuPont* court reasoned that this standard is supported by a number of considerations, one of which is that, "[t]o mandate blinders for Commission investigators or to require that they pursue any additional discrimination disclosed by their investigation in a separate Commission's charge would be to sanction a waste of valuable and limited resources." *Id.* As stated above, if this court determines that the specific type of testing complained of is discriminatory, requiring plaintiff to institute separate charges for each of Rockwell's locations would be a waste of time and resources.

Applying the reasoning of *Am. Nat. Bank* and *DuPont,* therefore, the court finds that it has jurisdiction over the EEOC's claims with respect to facilities other than Rockwell's Centralia, Illinois facility and denies Rockwell's motion to dismiss in part the amended complaint.