## MIERS

v.

## HOUSING AUTHORITY OF CITY OF DALLAS.

No. 15516.

Court of Civil Appeals of Texas. Fort Worth.

May 21, 1954.

Rehearing Denied June 18, 1954.

Nathan Rachael, Dallas, for appellant.

Scurry, Scurry & Pace and Ralph Wood, Jr., Dallas, for appellee.

MASSEY, Chief Justice.

From an order of the County Court entered pursuant to a hearing held for the purpose of hearing a motion for summary judgment of a condemnor and which read, "It is further ordered, adjudged and decreed that plaintiff's motion be and the same is hereby sustained and the Report of Commissioners heretofore filed in this cause is made the Judgment of this Court * * * said Report of Commissioners (to) be entered on the Minutes of the Court as its judgment, * * *" the condemnee appealed.

Reversed and remanded for trial.

Condemnor Housing Authority of the City of Dallas, Texas, sought to condemn certain real property of H. W. Miers in Dallas County under Articles 3264 to 3271, Vernon's Annotated Civil Statutes. Pertinent provisions of the statutes are:

"When the commissioners have assessed the damages, they shall reduce their decision to writing, stating therein the amount of damages due the owner, if any be found to be due, and shall date and sign such decision and file it together with all other papers connected with the case promptly with the county judge." Article 3265, Sec. 5.

"If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court.

"If no objections to the decision are filed within ten (10) days, the County Judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same the judgment of the court and issue the necessary process to enforce the same." Secs. 6 and 7 respectively, Article 3266, V.A.C.S.

In this instance the date of the clerk's file mark upon the objections to the decision of the special commissioners indicated that the objections of Mr. Miers were filed one day late. Miers contended that the objections were filed in time. The material part of his affidavit concerning the filing reads as follows:

"That defendant * * * states categorically and emphatically that the exceptions and objections to the decision and award of the special commissioners contained in their report, were properly and timely filed. In this connection this defendant states that on February 12, 1952, in the afternoon of that day he procured Mrs. Hamilton, a stenographer employed at 603–B Main Street, Dallas, Texas, to typewrite for him the objections and exceptions to the award in this cause. Immediately upon their being completed, your deponent signed said exceptions and objections and crossed the street, entered into the Records Building, Dallas, Texas, and took said exceptions and objections to the County Court of Dallas County, Texas, at Law, Number One, where Judge Paul G. Peurifoy presided and made his office. Judge Peurifoy was not present, but the person in charge of the office of the Clerk of the Court was present; that deponent advised said person that he, your deponent, had some exceptions and objections to file in several condemnation matters, one of which was the instant cause. That the person in charge of the Clerk's Office took

the papers from deponent and laid them on his desk. Thereafter deponent left the room and departed." This affidavit was a part of the condemnee's reply to the motion of the Housing Authority for a summary judgment.

The applicability of the procedure afforded relative to summary judgments is attacked. We believe the procedure is eminently proper whether it truly comes within the exact letter of the rule or not. Certainly it conforms to the spirit of the rule, and the machinery operative pursuant to the rule could not have prejudiced the condemnee who was afforded every opportunity of advancing his contention that he had properly and timely filed his objection to the decision of the special commissioners within the ten-day period afforded by law. Since the same relief would be sought by the condemnee in the course of the hearing in the county court, whether the motion of the condemnor which occasioned the hearing be called a motion to dismiss or a motion for summary judgment is unimportant. Central Mexico Light & Power Co. v. Munch, 2 Cir., 1940, 116 F.2d 85. Here the purpose of a motion to dismiss would be the same as the purpose of a motion for summary judgment, viz.: a judgment dismissing the action. So what would justify granting the motion in one case will in general also serve to justify it in another.

An informative case on the matter of the county court's jurisdiction is that of Sinclair v. City of Dallas, Tex.Civ.App. Waco, 1931, 44 S.W.2d 465, error refused. This case was decided prior to the effective date of the rule relating to summary judgments. The procedure in the trial court in that case was the dismissal of a condemnation suit, the court being of the opinion it did not have jurisdiction as result of the complaining party's failure to file objections to the report of special commissioners within the statutory ten-day period. The appellate court held that jurisdiction of the county court never attached and affirmed the judgment of dismissal. Of course, it is the filing of the objection that confers juris-

diction on the county court and converts the proceeding into a cause pending. Fitzgerald v. City of Dallas, Tex.Civ.App. Dallas, 1930, 34 S.W.2d 682, error refused; Milam County v. Akers, Tex.Civ.App. Austin, 1944, 181 S.W.2d 719, error refused, w. m.; City of El Paso v. Ward, Tex.Civ. App.El Paso, 1948, 213 S.W.2d 726. If no objection is filed within the statutory period, it is the ministerial duty of the county judge to cause the report of the commissioners to be entered on the minutes of the court as a judgment. The entry is purely a ministerial act through which the record title to real estate is complete, as the equitable title has vested in the condemnor simultaneously with the arising of the duty to enter the judgment. Likewise vested is the condemnee's right to the amount, if any, found by the special commissioners to be the condemned property's value. So, absent invocation of the jurisdiction, there is a final judgment both in behalf of and against the condemnor as well as the condemnee. Cause of action in either respect is adjudicated to a conclusion. But in neither respect would there have been an adjudication if objection to the decision of the commissioners was filed in time. In a sense it might be said that an appeal has been perfected, the result of which entitles both parties to a trial de novo in the county court. If there is a dispute as to whether such character of appeal has been perfected the legal question of whether jurisdiction has attached is arisen. Determination of the question in the instant case is dependent upon the establishment of the time the objection was filed. Where an issue of fact exists, determinative of the legal question, it is a matter for the decision of the trier of the fact. In this case there is such an issue and it must be tried.

It is true that there can be no "filing" of a paper in a legal sense except by its delivery to an official whose duty it is to file papers and who is required to keep and maintain an office or other public place for their deposit, and the paper must either be delivered personally to such officer with the intent that the same shall be filed with him, or delivered at the place where the same

should be filed. Piersol v. State ex rel. Petree, 1926, 122 Okl. 124, 254 P. 104; State ex rel. Hunzicker v. Pulliam, 1934, 168 Okl. 632, 37 P.2d 417, 96 A.L.R. 1294. In the present instance we have no question of the sufficiency of the appellant condemnee's affidavit regarding the place where he was when he delivered over the objections he wished to file. The courtroom was not the place where such records are kept on file. If appellee raised the issue of proper filing, it is not because he showed that he delivered it at a proper place. The question presented is actually that of whether the delivery or filing the condemnee swore he made of his papers to a certain individual in the courtroom, should be considered as made to an individual who was also an official charged with the duty of filing such papers. The affidavit stated that the individual was the person in charge of the office of the clerk of the (county) court. We recognize that sometimes individuals temporarily in charge of the offices of clerks of various courts are custodians, janitors, and even deputy sheriffs who are court bailiffs. There might be a variety of reasons why such individuals are in charge of such offices at times when it is undesirable to leave the offices unwatched. But is a layman, as was the condemnee at the time he delivered his objections, obliged to take notice of this and ascertain the character of the custody held of the office of clerk by the party who took his papers and the extent of the authority of the custodian? In common parlance the average man understands that the person in charge of the office of clerk is either the clerk himself, or one of his deputies. There was no objection or exception by the condemnor to the affidavit of the condemnee because of its insufficiency as a designation of the person to whom the delivery was made. Had there been such, the condemnee might have amended his affidavit without material delay and alleged the identity of the person with greater particularity. De La Garza v. Ryals, Tex.Civ.App., Fort Worth, 1951, 239 S.W.2d 854, error refused, n. r. e. Therefore we believe that any doubt of the affidavit's sufficiency as a designation of the person in charge of the clerk's office as the clerk himself, or one of his deputies, should be resolved upon the summary judgment hearing in favor of a presumption that a fact issue was raised thereby rather than that no fact issue was raised merely because there was an insufficient designation. Sarnoff v. Ciaglia, 3 Cir., 1947, 165 F.2d 167. If the individual in question was the clerk or a deputy clerk the condemnee's objections were properly filed with him, and the time the paper was given to him would be the controlling time. In the absence of any evidence demonstrating that the individual in question had no authority to file the papers and that the condemnee was on notice of that fact, an issue of fact was raised by the affidavit. The fact is material in that it determines whether the county court's jurisdiction has attached.

The condemnee also advances as points on appeal contentions that since the description of his property as set forth in both the petition in condemnation and the report of the commissioners, not only specified certain property by lot and block number, but added the following language: "and all adjoining and contiguous property owned or claimed by said defendants", the condemnation proceedings were void. Condemnee contends that his own cross-motion for summary judgment, which was overruled by the court below, should have been sustained and the petition in condemnation dismissed because the property description was defective. The contention so advanced was based upon a claim that no jurisdiction attached to the court below. This question has been answered adversely to condemnee's position by the Supreme Court. The case is Miers v. Housing Authority of City of Dallas, Tex., 1954, 266 S.W.2d 842, answering certified questions to the El Paso Court of Civil Appeals, 8th District. It was held that the addition of the language in question did not defeat jurisdiction, but that where upon trial there was no evidence bearing upon such additional property as referred to by the language in question, such language should not be carried for-

ward into the judgment. See also Miers v. Housing Authority of City of Dallas. Tex.Civ.App.Dallas, 1954, 266 S.W.2d 487. The court below did not err in overruling the condemnee's motion.

Summary judgment for appellee condemnor was erroneous. The cause is remanded to the County Court at Law Number One, Dallas County, Texas, for a trial of the facts.