No. 44,908

JACKIE R. CONNOR and DONALD W. CONNOR, Heirs at Law of Edoline Fay Connor, Deceased, *Appellants,* v. JAY C. HAMMER, *Appellee.*

(439 P. 2d 116)

Opinion filed April 6, 1968.

*Lelyn J. Braun,* of Garden City, argued the cause, and *Dale H. Corley,* of Garden City, was with him on the briefs for the appellants.

*J. Eugene Balloun,* of Great Bend, argued the cause, and *H. Lee Turner,* of Great Bend, and *Clarence N. Holeman,* of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an action by appellants, heirs at law of Edoline Fay Connor, deceased, to recover damages for the alleged wrongful death of the deceased.

Mrs. Connor's death resulted from injuries received in an intersection collision between the automobile in which she was a passenger and a vehicle owned by appellee. The action was filed in April, 1965, issues were joined, and the matter came before the court for a pretrial conference on October 3, 1966.

At the pretrial conference, appellee orally moved the court to declare and enforce a settlement agreement which appellee claimed was completed on September 17, 1964. Appellee's motion was taken under advisement by the court and the parties submitted their correspondence files to the court and letters in which they stated their respective positions on the motion.

The trial court found a settlement had been completed and ordered the case dismissed upon payment of $1,500.00 by defendant to plaintiffs' attorney. This appeal followed.

The finding of the trial court was based primarily on a letter,

dated September 17, 1964, written by appellants' attorney, addressed to Kelly Barnes, a representative of appellee. The letter is the subject of the points raised on appeal and reads as follows:

"September 17, 1964

"Mr. Kelly Barnes
"Farmers Elevator Mutual
"107 West 1st Street
"Hutchinson, Kansas

"Re: J. C. Hammer vs. Connor

"Dear Mr. Barnes:

"Pursuant to my last conference with you at our offices here in Garden City, Kansas, I wish to report at this time that we are accepting your settlement offer of compromise on the injuries of Mr. R. F. Connor and the death of Mrs. Edoline Fay Connor for the sum of $1500.00.

"You may submit whatever recommendations you have to your counsel pursuant to drawing the necessary pleadings and papers in the case in order to terminate the same. As you will recall when we had a conference, I indicated to you that presently the estate of Mrs. Edoline Fay Connor is being administered in Haskell County, Kansas and a guardianship proceeding is also being administered for Mr. R. F. Connor in Haskell County, Kansas. The co-administrators are Donald W. Connor and Jackie R. Connor and the guardian of the person and estate of Mr. R. F. Connor is Jackie R. Connor.

"Awaiting your early reply and settlement of this matter, I am,

"Yours very truly,
"Lelyn J. Braun

LJB:mb"

The trial court stated reasons for its findings in pertinent part as follows:

"The Court after examining the files and the letters and other exhibits presented to the Court finds that the letter of September 17, 1964, written by Lelyn J. Braun as attorney for the plaintiffs, in the first paragraph thereof unconditionally accepted an offer made by the defendant of $1,500.00 as set out in paragraph one of said letter. Mr. Braun stated that he had authority from his clients to accept this offer.

"The second paragraph of the letter does not place any conditions upon the settlement nor make any offers that require an acceptance by the defendant but only requests that defendant's counsel submit recommendations to effectuate said settlement."

The appellants' statement of points on appeal are as follows:

"(1) The court erred in finding from the content of the letter written by plaintiff's counsel on September 17, 1964, that the offer of compromise and settlement had been accepted by the plaintiffs.

"(2) That the court erred in ruling that the rest of the letter dated September 17, 1964 did not place any conditions upon the settlement offer."

The language of the first paragraph of the letter in question unequivocally shows an offer extended by appellee's representative and the acceptance thereof by appellants' attorney. The trial court found that Mr. Braun stated he had authority from his clients to accept the offer and he makes no claim to the contrary.

Letters between counsel leading up to the offer of appellee's representative and the acceptance by appellants on September 17, 1964, are set out in the record. The trial court also had before it correspondence between Mr. Braun and Mr. C. W. Clift, an attorney of Oklahoma City, who appears to be a co-counsel for appellants. Mr. Clift acquiesced in the settlement offer in his letter of August 10, 1964, to Mr. Braun in which Clift wrote as follows:

". . . I agree with you that a jury might find both drivers guilty of contributory negligence and insofar as I am concerned the settlement for $1,500.00 would be satisfactory with me. . . ."

Appellants argue that even though the first paragraph of the letter in question amounted to an acceptance, the second paragraph placed further conditions on the settlement. In his letter to the trial court, following the pretrial conference, appellants' counsel writes:

". . . After you have examined these letters and still feel that an effective compromise settlement was entered then I can only conclude that the court must make such a finding as a matter of law. However, after going through all of these letters and in particular our letter of September 17, 1964 which seems to indicate that we had actually entered into a bona fide settlement I would like to call to the court's attention the fact that I never received a confirmation of this settlement offer from either the insurance carrier of their counsel unless the same was conveyed to me by telephone conference. . . ."

With respect to the second paragraph of the letter, the trial court found it did not place any conditions on the setttlement, but only pertained to the mechanics of effecting the settlement agreed upon. We must agree with the trial court's interpretation.

This record clearly indicates the appellants accepted the offer of settlement, then changed their minds, and now wish to repudiate it. No claim of fraud or bad faith is made.

The law favors the compromise and settlement of disputes and when parties, in the absence of any element of fraud or bad faith, enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it. (*Sutherland v. Sutherland*, 187 Kan. 599, 358 P. 2d 776. See, also, *Nauman v. Kenosha Auto Transport Co.*, 186 Kan. 305, 349 P. 2d 931, and cases cited therein.)

Appellants devote a part of their brief to the argument that appellee did not plead settlement in his answer and, therefore, the issue was not before the trial court at pretrial conference. This question was not raised before the trial court nor is it made a point on appeal. Consequently, it is not here for review.

The judgment is affirmed.