Jerome HOCHBERG, Individually and as Custodian for Marian E. Hochberg, Appellant,

v.

SCHICK INVESTMENT COMPANY, Appellee.

No. 17238.

Court of Civil Appeals of Texas, Fort Worth.

July 2, 1971.

Jerome Hochberg, pro se.

Cantey, Hanger, Gooch, Cravens & Munn, and Tolbert L. Greenwood, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

The appellant, Jerome Hochberg, individually and as custodian for Marian E. Hochberg, was a shareholder in Schick Investment Company, a Texas corporation. He dissented from the merger of the Texas corporation with Schick Investment Company, a Delaware corporation, and pursuant to Art. 5.12 of the Texas Business Corporation Act he filed this suit to have determined the fair value of his shares of stock in the corporation.

Schick Investment Company filed a motion in the trial court to dismiss the appellant's suit on the grounds that it was not filed within the time allowed by law for the filing of such suits. The trial court sustained the motion and dismissed the case on the grounds that appellant had failed to file such suit with the court within the time limit prescribed by Art. 5.12, subd. B of the Texas Business Corporation Act. All references in this opinion to statutes are to statutes that comprise a part of the Texas Business Corporation Act.

The statements in the briefs of both parties show that the following facts are undisputed: (1) the Texas and Delaware corporations effected a merger on July 20, 1970; (2) the first 60 day period referred to in Art. 5.12, subd. B given the parties to try to agree on a figure representing the fair value of the stock involved expired on September 18, 1970; (3) the second 60 day period referred to in that statute during which the corporation or any shareholder had a right to file a petition for determination of the fair value of the corporate stock expired at 12:01 A.M. on November 18, 1970; (4) the appellant did not get the petition in this case filed with the District Clerk prior to that deadline; (5) appellant did place his petition in this case in the United States mail in Delaware on November 17, 1970, addressed to the District Clerk (it was sent by certified mail); (6) the Tarrant County District Clerk did not receive and file such petition until November 20, 1970, which was several days after the deadline for filing same as provided for in Art. 5.12, subd. B.

Article 5.12, subd. B provides: "If, within such * * * sixty (60) days after the date on which such corporate action was effected, the shareholder and the existing, surviving, or new corporation, as the case may be, do not so agree, then the dissenting shareholder or the corporation *may*, within sixty (60) days after the expiration of the sixty (60) day period, file a petition in any court of competent jurisdiction * * * asking for a finding and determination of the fair value of such shares." (Emphasis ours.)

Appellant contends that the trial court erred in holding that he lost his right to have a determination of the fair value of his stock when he failed to file his petition for that purpose within the time prescribed by Art. 5.12, subd. B.

One reason urged for such contention by appellant is that the legislature in Art. 5.-12, subd. B used the word "may" instead of "shall" when providing for the filing of

such suit. He says the legislature thus made it discretionary with the dissenting shareholder as to whether he filed suit or not and that such shareholder for this reason remains protected under that statute even though he never files a suit for the determination of the fair value of his shares.

We overrule that contention.

■ By using the word "may" in Art. 5.12, subd. B the legislature did make it optional with a dissenting shareholder or the corporation to determine whether or not they would file a suit in court for the purpose of having there determined the fair value of the corporation's stock. We hold, however, that by the express provisions of Articles 5.12 and 5.13, subd. C, if a person or corporation authorized to bring such a suit does elect to file it, it is mandatory that he file it within the time limits provided for by Art. 5.12, subd. B. If he does not file such suit within the time limits therein set out, he will be thereafter forever barred from filing such a suit.

On this point Art. 5.12, subd. G provides in part as follows:

"In the absence of fraud in the transaction, the remedy provided by this Article to a shareholder objecting to any corporate action referred to in Article 5.11 of this Act is the *exclusive remedy for the recovery of the value of his shares* * * *; and if the existing, surviving, or new corporation, as the case may be, complies with the requirements of this Article, *any such shareholder who fails to comply with the requirements of this Article shall not be entitled to bring suit for the recovery of the value of his shares.* * * *" (Emphasis ours.)

And on the same point Art. 5.13, subd. C provides in part as follows:

" * * * or if no petition asking for a finding and determination of fair value of such shares by a court *shall have been filed within the time provided in Article 5.-*

12, * * * then, in any such case, such shareholder and all persons claiming under him shall be conclusively presumed to have approved and ratified the corporate action from which he dissented and shall be bound thereby, the right of such shareholder to be paid the fair value of his shares shall cease, and his status as a shareholder shall be restored. * * *" (Emphasis ours.)

Reference is made to the article by W. L. Leeds, "Merger, Consolidation, Reorganization, and Receivership Under the Texas Business Corporation Act," appearing in Vol. 3A, V.A.T.S., at page 495, wherein the author speaking of Art. 5.11 to 5.13 said: "Unless the shareholder complies faithfully with each prescribed step, he loses his right to dissent."

Reference is also made to the "Comment of the Bar Committee" appearing under Art. 5.13 in Vol. 3A, V.A.T.S., at page 89 of the 1970–71 pocket part wherein the following is stated (speaking of Art. 5.13, subd. C): "Under this Section the right to payment may be terminated * * * if no petition to determine the value of his shares is filed within the prescribed time. * * *"

■ Appellant contends further that he complied with the requirement of Art. 5.12, subd. B of filing his suit within the 60 day time limit at the moment that he deposited his petition in the United States mail in Delaware, addressed to the clerk of the proper court in Fort Worth, Texas. He argues that his mailing of the petition within the statutory time limit was a constructive communication (or filing) with the Court within the time prescribed by Art. 5.12, subd. B, although the United States Postal Department did not actually deliver such petition to the clerk of the Court for filing until several days after the 60 day time limit had expired.

We overrule that contention.

The applicable wording of Art. 5.12, subd. B is: " * * * then the dissenting

shareholder or the corporation may, within sixty (60) days after the expiration of the sixty (60) day period, file a petition in any court of competent jurisdiction. * * * "

This Court had before it the question of determining when objections to an award by commissioners in a condemnation case had been "filed" within the meaning of applicable statutes in the case of Miers v. Housing Authority of City of Dallas, 268 S.W.2d 796 (Fort Worth Tex.Civ.App., 1954, ref., n.r.e.) and the opinion in that case stated: "It is true that there can be no 'filing' of a paper in a legal sense except by its delivery to an official whose duty it is to file papers and who is required to keep and maintain an office or other public place for their deposit, and the paper must either be delivered personally to such officer with the intent that the same shall be filed with him, or delivered at the place where the same should be filed."

This Court also had before it an analogous question in the case of Green v. Davis, 451 S.W.2d 579 (Fort Worth Tex.Civ. App., 1970, no writ hist.). Rule 386, Texas Rules of Civil Procedure, requires that a statement of facts and transcript be filed with the clerk of the Court of Civil Appeals within 60 days from the date of the judgment in connection with the taking of an appeal. In that case the appellant deposited the statement of facts in the United States mail at Graham, Texas, properly addressed to the Clerk of the Court of Civil Appeals at Fort Worth on the last day of the 60 day period. This statement of facts did not arrive at the office of the clerk for filing until about 3 days later, which was a time after the 60 day period had expired. This Court there held in effect that the act of depositing that statement of facts in the mail at Graham, Texas, on the last day of the 60 day period did

not constitute a filing of such document with the clerk of the Court of Civil Appeals on that day.

We hold that the act of appellant in depositing in the United States mail in Delaware his petition addressed to the clerk of the proper court in Fort Worth, Texas, on the last day of the 60 day time limit, did not constitute a constructive filing of such petition, on that date with the clerk of the Court. The statute requires an actual delivery for filing to the Court or its authorized representatives within the time limit provided therein.

■ Regarding appellant's contention that the statute involved here should be liberally construed for the protection of the dissenting shareholders, a Delaware Court in the case of In Re Northeastern Water Co., 28 Del.Ch. 139, 38 A.2d 918 (1944) said the following: "Claimants correctly point out that the statute should be liberally construed for the protection of objecting shareholders. * * * Even so, a liberal construction does not call for an abandonment of orderly procedure prescribed by the statute. To adopt the suggested rule would it seems to me, be better characterized as a deliberate disregard of definite statutory requirements, rather than a liberal construction."

What that court said in that case applies with equal force to this one.

We also hold that appellant's conduct as herein outlined did not constitute a substantial compliance with Art. 5.12, subd. B requiring the petition to be filed with the court in the 60 day period therein provided for.

We have carefully examined each point raised by appellant and hereby overrule each of them.

The judgment is affirmed.