**OLD REPUBLIC INSURANCE COMPANY, Appellant,**

v.

**Morris E. FRANKLIN and Mattie Lee Franklin, Appellees.**

**No. 2–86–108–CV.**

Court of Appeals of Texas, Fort Worth.

March 12, 1987.

Rehearing Denied April 9, 1987.

Robert D. Cohen, Dallas, for appellant.

Davis & Sweat and Mark S. Cochran, Arlington, for appellees.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## OPINION

FARRIS, Justice.

This is the appeal of a trial to a jury resulting in the setting aside of a foreclosure sale of appellees' realty and recovery of damages by appellees from appellant. Appellant complains of the trial court's refusal to permit appellant to introduce into evidence correspondence which appellant contends constitutes the affirmative defense of compromise and settlement and of the admission of hearsay evidence on the issue of attorneys' fees.

We affirm the judgment of the trial court.

Appellant's first point of error complains that the "trial court erred as a matter of law in precluding Old Republic from asserting its affirmative defense of compromise and settlement." Appellant contends that a letter from appellees' counsel to counsel for the appellant and a reply letter from appellant's counsel to counsel for the appellees (defendant's exhibits one and two) constitute a compromise and settlement agreement. Defendant's exhibit one is a letter dated November 17, 1981, addressed to counsel for appellant referencing the number and style of the case, containing an offer of compromise and signed by the attorney for appellees. Defendant's exhibit two is a letter dated November 20, 1981, addressed to the then attorney for appellees referencing the style and number of this case and making further reference to a telephone conversation confirming appellant's acceptance of the November 17, 1981 settlement offer. Appellant's offer of defendant's exhibits one and two into evidence was denied.

The trial court properly refused to admit defendant's exhibits one and two into evidence because they did not conform to the requirements of TEX.R.CIV.P. 11. Rule 11 provides that "[n]o agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Rule 11 is a minimum requirement for enforcement of all agreements concerning pending suits, including, but not limited to agreed judgments. *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex.1984). There is a real question whether the two letters constitute an "agreement"; however, we are not required to address that question because there are other reasons why the correspondence between the attorneys of the parties fails to meet the requirements of rule 11. The reference to the cause number and style of the case in the two letters make evident the fact that they were both written while the suit was pending. Appellant alleges the existence of the compromise agreement in its first amended original answer. In their third amended original petition, appellees, supported by the affidavit of the appellee Morris Franklin, assert there was no consideration for the agreement, that it was not reduced to writing and therefore void and that it was an attempt to attach an invalid lien on his homestead. Appellees' third amended original petition was filed on January 14, 1986, and the case was not called to trial until March 10, 1986. Notwithstanding the fact that a settlement agreement may meet the stated

requirements of rule 11, such an agreement is not enforceable unless consent exists at the time an agreed judgment is rendered. *Id.* at 528; *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288, 290 (1951). It is obvious from the appellees' pleadings, filed almost two months prior to trial, that a settlement agreement between the parties did not exist at the time of trial, and the appellees had a right to revoke any settlement agreement at any time before judgment was rendered. *See Quintero v. Jim Walter Homes, Inc.,* 654 S.W.2d 442, 444 (Tex.1983).

■ The alleged agreement also fails to meet the requirement of rule 11 that to be enforced, it must be filed with the papers as part of the record. Signed copies of the letters were not made a part of the record. The originals of the letters were offered into evidence, and after their exclusion, the appellant was permitted by the trial court to substitute photocopies of the letters as defendant's exhibits one and two within the record on appeal. However, the inclusion of the letters within the record on appeal, after the trial court refused their admission into evidence, does not meet the filing requirement of rule 11. Although we are unable to find any cases specifically on point with regard to the requirement of rule 11, we find there are a number of cases defining what constitutes a filing. The rule is commonly stated to be that an instrument is deemed in law filed at the time it is left with the clerk of the court. *Standard Fire Ins. Co. v. LaCoke,* 585 S.W.2d 678, 680 (Tex.1979). *See also Glidden Company v. Aetna Casualty & Surety Company,* 155 Tex. 591, 291 S.W.2d 315, 318 (1956); *Civil Service Com'n of City of Lufkin v. Crager,* 384 S.W.2d 381, 383 (Tex.Civ.App.—Beaumont 1964, writ ref'd n.r.e.) (filing of appeal of termination under the Civil Service Act for firemen and policemen); *Miers v. Housing Authority of Dallas,* 268 S.W.2d 796, 798 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n.r.e.). In *Miers,* this court stated "that there can be no 'filing' of a paper in a legal sense except by its delivery to an official whose duty it is to file papers and who is required to keep and maintain an office or other public place for

their deposit" (a case involving the filing of objections to the commissioner's report in a condemnation case). *Miers,* 268 S.W.2d at 798. Appellant's first point of error is overruled.

■ In its second point of error, appellant complains that the trial court erred in permitting the attorney representing appellees at trial to testify about the services other attorneys had provided to appellees, in the prosecution of this cause, prior to trial. From the record it appears that appellees were represented by a succession of four attorneys including Mark Cochran, the attorney representing the appellees at trial. Cochran, sworn as a witness, testified about the time and services he had spent in preparation and trial of the case and the number of hours of services provided by the other attorneys. Appellant's counsel then made the following objection:

MR. COHEN: Your Honor, I'm going to have to object at this time. Can I take the Witness on Voir Dire?

THE COURT: No, you can cross him.

Cochran then continued to testify that the various attorneys representing appellees had expended 60.9 hours, that a reasonable fee was $90.00 per hour and a reasonable fee for representation of appellees would be approximately $5,400.00. Cochran then testified about reasonable fees in the event of an appeal or an application for writ of error to the Supreme Court. After Cochran completed his direct testimony, the following exchange between the court and appellant's counsel occurred:

THE COURT: Cross examination, Mr. Cohen?

MR. COHEN: I renew my objection at this time, Your Honor, as to all the testimony with regard to attorney's fees as reflected, as he said, in his file for attorneys other than himself.

That is the same as hearsay. The proper predicate has not been set and has not been laid.

THE COURT: Overrule the objection.

MR. COHEN: Your Honor, I will make a Bill of Exceptions on that later.

No further questions, I'll pass the witness.

Appellant has failed to preserve his point of error because his objection was not timely made and because a general objection to an insufficient predicate is not specific enough to preserve error. *See Seymour v. Gillespie,* 608 S.W.2d 897, 898 (Tex.1980); *Matter of Bates,* 555 S.W.2d 420, 432 (Tex. 1977). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.