(785 P.2d 1367)

No. 63,731

CHRISTINA LEWIS, *Appellant*, v. FOREST GILBERT II, *Appellee*.

—

Opinion filed January 26, 1990.

*John Black,* of Black and Black, Lawyers, of Salina, for appellant.

*Paula J. Wright,* of King, Adrian, King & Brown, Chtd., of Salina, for appellee.

Before BRAZIL, P.J., M. KAY ROYSE, District Judge, assigned, and JAMES J. NOONE, District Judge Retired, assigned.

BRAZIL, J.: Christina Lewis appeals a district court order confirming a settlement agreement and dismissing the case with prejudice. We affirm.

The parties have stipulated to the facts. Lewis and Forest Gilbert were involved in an automobile accident, which resulted in Lewis bringing a personal injury action against Gilbert. After discovery but prior to trial, Gilbert offered to settle the case for $11,500. The offer was made to Lewis' attorney, David Troup, who relayed the offer to Lewis. After discussing the offer at length, Lewis authorized Troup to accept the settlement. Troup called Gilbert's counsel and orally accepted the offer. Gilbert's counsel cancelled the scheduled jury trial and sent Troup a proposed journal entry of dismissal and release of all claims, which Troup forwarded to Lewis. Lewis refused to sign the proposed journal entry and release and told Troup she had changed her

mind and would not accept the settlement offer. Gilbert filed a motion to dismiss and for confirmation of settlement agreement, which was granted by the court. The court found that Troup held extensive discussions with Lewis regarding the settlement offer and that Lewis unequivocally gave Troup authority to settle the litigation exactly as it was settled.

Lewis argues the settlement agreement was not binding because it was not reduced to writing. She further argues the trial court erred by refusing to require compliance with K.S.A. 60-241(a)(1)(ii), which requires that a stipulation of dismissal be signed by all the parties and filed.

The parties are in agreement as to the facts. When the record on appeal consists of stipulated facts and documentary evidence, this court has the same opportunity on review as the trial court and may examine and consider the evidence in the same manner as did the trial court. *In re Estate of Thompson*, 226 Kan. 437, 440, 601 P.2d 1105 (1979).

Unless required by statute or court rule, settlement agreements do not have to be reduced to writing to be valid. 15A Am. Jur. 2d, Compromise and Settlement § 10, p. 782. The Kansas courts have found that an oral settlement agreement is binding. In *Nauman v. Kenosha Auto Transport Co.*, 186 Kan. 305, 349 P.2d 931 (1960), the defendant agreed to pay the Naumans $2,500 for damages sustained as a result of a nuisance caused by the defendant's sewage disposal system. The settlement agreement was entered into orally between the attorneys for both parties. Shortly after entering the agreement, the defendant's attorney informed counsel for the Naumans that his client had changed his mind, and the settlement was off. The trial court found an agreement had been made and awarded the Naumans $2,500. The Supreme Court affirmed, stating:

"The law favors the compromise and settlement of disputes, and when parties, in the absence of any element of fraud or bad faith, enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it. (*Lewis v. Kimball*, 103 Kan. 173, 173 Pac. 279; and *Massey-Harris Co. v. Horn*, 132 Kan. 206, 294 Pac. 666.) After the parties had agreed upon a compromise of a *bona fide* dispute, the courts will not, in the absence of any element of fraud or bad faith, look into the merits of the original controversy to discover which was in the right." 186 Kan. at 310.

In *Connor v. Hammer,* 201 Kan. 22, 439 P.2d 116 (1968), the parties were involved in an automobile accident, which resulted in the death of Mrs. Connor. The parties orally agreed to settle the case, after which the attorney representing Connor's estate confirmed the settlement agreement by letter, which stated, "we are accepting your settlement offer of compromise . . . for the sum of $1500.00." 201 Kan. at 23. Later, the plaintiffs changed their minds and tried to repudiate the settlement. The court enforced the settlement, noting, "The law favors the compromise and settlement of disputes and when parties, in the absence of any element of fraud or bad faith, enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." 201 Kan. at 24.

Settlement agreements need not be in writing to be enforceable under Kansas case law. Once entered into, settlement agreements should be enforced absent a finding of fraud or bad faith. Here, Lewis does not allege fraud or bad faith but rather simply changed her mind with regard to the settlement. Accordingly, the oral agreement entered into between Lewis and Gilbert should be enforced.

Gilbert directs attention to several other state court decisions, which support the conclusion that a valid settlement agreement exists. In *Jannarone v. W.T. Co.,* 65 N.J. Super. 472, 168 A.2d 72 (1961), the parties were involved in an automobile accident. The plaintiff through her counsel orally settled the suit for $250. Later, plaintiff's counsel attempted to repudiate the agreement based on a change in judgment as to the value of the claim. The court stated:

"There was no justification for this repudiation by counsel of a settlement fairly and openly negotiated and arrived at. . . .

"The settlement of litigation ranks high in our public policy. [Citations omitted.] There is no good reason why an executory agreement between the parties, fairly arrived at, to settle pending litigation, should not be enforced in the cause, subject to the discretion of the court." 65 N.J. Super. at 476-77.

For other cases reaching a similar result see *Herron v. City of Chicago,* 618 F. Supp. 1405 (N.D. Ill. 1985); *Gregory v. Hamilton,* 77 Cal. App. 3d 213, 142 Cal. Rptr. 563 (1978).

Lewis argues that, when a settlement occurs after suit is filed, K.S.A. 60-241(a)(1)(ii) requires the settlement agreement to be in writing. The statute, which addresses the dismissal of actions, states:

"Subject to the provisions of subsection (e) of K.S.A. 60-223 and of any statute of the state, an action may be dismissed by the plaintiff *without order of court* . . . by filing a stipulation of dismissal signed by all parties who have appeared in the action. Where the dismissal is by stipulation the *clerk of the court shall enter an order of dismissal* as a matter of course. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." (Emphasis added.)

This statute is directed to the specific instance of when a plaintiff desires to dismiss a lawsuit. The statute should not be implied to mean that a settlement agreement must be in writing. Here, Lewis, the plaintiff, was not attempting to dismiss the case *without an order of the court,* but rather, a settlement was reached and the court, *not the clerk,* dismissed the lawsuit. Upon finding a valid settlement agreement had been executed, the trial court properly dismissed the case. See *Connor v. Hammer,* 201 Kan. 22 (trial court properly dismissed case upon finding that settlement had been completed).

Lewis also argues Supreme Court Rule 163 requires all settlement agreements to be in writing. The rule states: "A court is not required to give effect to stipulations between counsel, or oral admissions of counsel, which are not reduced to writing and signed by the counsel to be charged therewith, or which are not made a part of the record." Rule 163 (1989 Kan. Ct. R. Annot. 102). In support of this argument, Lewis relies on *Old Republic Ins. Co. v. Franklin,* 727 S.W.2d 701 (Tex. App. 1987), in which the Texas court interpreted Texas Rule of Civil Procedure 11, which provides: " 'No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.' " 727 S.W.2d at 702. In *Old Republic,* the trial court refused to consider several letters that evidenced a compromise agreement between the parties. In upholding the trial court's decision, the appellate court

held that the agreement failed to meet the requirements of Rule 11, and, to be enforced, the agreement must be filed and made part of the record.

The language of Texas Rule 11 and Kansas Supreme Court Rule 163 is significantly different. Rule 11 states, " 'No agreement . . . will be enforced unless it be in writing, signed and filed.' " Supreme Court Rule 163 states, "A court is not required to give effect to . . . oral admissions of counsel, which are not reduced to writing and signed by counsel . . . or which are not made a part of the record." Supreme Court Rule 163 does not force the court to disregard any oral stipulations but rather provides that the court is not required to give the stipulation effect.

In *State v. Roach*, 223 Kan. 732, 576 P.2d 1082 (1978), the trial court admitted the defendant's oral stipulation that the results of a polygraph test would be admissible because the stipulation was made on the record. In affirming the trial court, the Supreme Court stated: "A stipulation to admit into evidence polygraph test results entered in court and on the record is as binding on the parties as if the same had been reduced to writing, signed by the parties, and filed of record." 223 Kan. at 736.

Here, Lewis appeared before the court at the hearing on the motion to enforce the settlement. Although a transcript of that hearing has not been provided in the record, the parties agree that Lewis consented to the settlement but later changed her mind. This fact was set forth in the affidavit of Troup, which was reviewed by the trial court and stipulated as true by the parties. The existence of the oral stipulation has been made part of the record. Accordingly, Supreme Court Rule 163 does not prevent the oral settlement agreement from being enforced.

Affirmed.