NOT DESIGNATED FOR PUBLICATION

No. 123,716

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LATANYA HAYWOOD,
*Appellant*,

v.

KC WATERPARK MANAGEMENT LLC, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WILLIAM P. MAHONEY, judge. Opinion filed July 8, 2022. Affirmed.

*Latanya Haywood*, appellant pro se.

*Derek H. MacKay* and *Allison L. Greenfield*, of Knight Nicastro MacKay, of Kansas City, Missouri, for appellees.

Before ISHERWOOD, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM:  Latanya Haywood brings this timely pro se appeal claiming the district court's order, finding she entered into a valid oral settlement agreement with KC Waterpark Management, LLC, et al. (KCWM), to settle her claimed injuries at Schlitterbahn Waterpark for $100,000, was erroneous. Haywood asserts several claims on appeal—directly or incidentally—regarding the effectiveness of her attorney, the enforceability of the settlement agreement, and various claims of statutory and constitutional error. Because Haywood has failed to show she did not reach a valid oral settlement agreement with KCWM, we affirm.

1

In August 2017, Haywood filed suit against KCWM, alleging she suffered various injuries after she fell off an innertube into the water at an attraction at Schlitterbahn Waterpark in Kansas City. In June 2019, the parties unsuccessfully attempted to resolve the case through mediation. After mediation, Haywood's counsel communicated an offer to KCWM's counsel to settle the case for $100,000. KCWM, through its counsel, accepted Haywood's offer by telephone. In July 2019, counsel for both parties began preparing the necessary documentation to finalize the settlement. On September 30, 2019, KCWM's counsel forwarded Haywood's counsel a settlement agreement and release. Haywood's counsel stated he would have her sign the release and settlement agreement.

On October 4, 2019, KCWM advised the district court clerk by email that the parties had resolved any outstanding liens and the settlement would be finalized soon. However, Haywood's counsel subsequently contacted KCWM's counsel and stated Haywood was no longer willing to accept the $100,000 settlement and wanted more money. In November 2019, KCWM filed a motion to enforce the settlement agreement with supporting exhibits. The district court held a hearing in December 2019 at which Haywood testified about her communications with her attorney regarding the proposed settlement.

Haywood was asked if she believed she ever accepted the settlement before changing her mind. She responded: "It would be fair to say that. I don't think so, but I will say, just to be fair, [I] could have. Maybe I misunderstood how he was saying it." Haywood repeatedly claimed she told her attorney she wanted to go to trial. However, she admitted she could not recall whether she told her attorney she would accept the $100,000 settlement offer. Haywood acknowledged she exchanged text messages with her attorney about picking up a check at his office and getting financial reports and discharge papers. Copies of the text messages were admitted as evidence at the motion

hearing, and the district court indicated it would review them before issuing a written decision. The district court found there was a valid and enforceable settlement agreement based on Haywood's oral agreement and granted KCWM's motion to enforce the agreement.

In response to Haywood's appeal, KCWM asserts her appeal should be dismissed under Supreme Court Rule 5.05 (2022 Kan. S. Ct. R. at 33), based on Haywood's numerous failures to properly file and perfect her appeal. Because we resolve Haywood's claims on appeal as set out below, we decline to address this request by KCWM.

ANALYSIS

Before we begin our analysis, we pause to note a well-known rule that pro se litigants are held to the same standards as attorneys and must follow Supreme Court rules. See *Wilson v. State*, 40 Kan. App. 2d 170, 178, 192 P.3d 1121 (2008) ("pro se civil litigants are held to the same procedural standards as represented parties").

*The settlement agreement was valid and enforceable.*

Haywood makes several arguments regarding the existence and enforceability of the settlement agreement. Briefly summarized, she argues: (1) There was never an enforceable agreement; (2) any agreement was unreasonable and unconscionable; (3) her constitutional and statutory rights were violated by the district court's enforcement of the agreement; and (4) there was no final appealable judgment in this case.

*Standard of Review*

Normally, whether a contract exists is a question of fact. *U.S.D. No. 446 v. Sandoval*, 295 Kan. 278, 282, 286 P.3d 542 (2012). We review a district court's finding

that a contract exists for substantial competent evidence. *Price v. Grimes*, 234 Kan. 898, 904, 677 P.2d 969 (1984). Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *Geer v. Eby*, 309 Kan. 182, 190, 432 P.3d 1001 (2019). "In evaluating the evidence to support the district court's factual findings, an appellate court does not weigh conflicting evidence, evaluate witnesses' credibility, or redetermine questions of fact. [Citation omitted.]" *Hodges v. Johnson*, 288 Kan. 56, 65, 199 P.3d 1251 (2009).

The determination of unconscionability "ultimately depends upon the facts in a given case[.] And, to a great extent, the determination is left to the sound discretion of the trial court. [Citations omitted.]" *Via Christi Regional Med. Center, Inc. v. Reed*, 298 Kan. 503, 525, 314 P.3d 852 (2013). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018).

*Discussion*

The record reflects a settlement offer for $100,000 was conveyed by Haywood's counsel to KCWM, which KCWM promptly accepted. The record also shows Haywood knew there was a settlement based on the text messages between Haywood and her attorney regarding the settlement check, outstanding liens, Haywood's request for a financial reports sheet, and references to documents reflecting the case had been discharged. The district court's finding Haywood agreed to settle is supported by Haywood's counsel's activity on Haywood's behalf after the settlement offer had been accepted by KCWM. Specifically, Haywood's counsel worked to negotiate and reduce the outstanding medical liens to increase the amount of net settlement funds Haywood would receive, as well as to obtain a written settlement agreement and release to allow the issuance of the settlement checks.

When Haywood was presented with the final written settlement agreement and release, she apparently decided she no longer wanted to settle. At that time, her counsel advised her: "You really need to take the money you agreed to." At the hearing on KCWM's motion to enforce, Haywood was asked if she agreed to the settlement. She responded: "I guess yes and no. Yes and no. Because maybe I was misunderstood." Haywood also acknowledged the text messages she sent to her attorney about picking up a check at his office and getting copies of financial reports and discharge papers.

Based on this evidence, the district court soundly concluded:

"In this case, the attorneys thought they had a deal and informed the Court. The testimony and the communication do not clearly show that the Plaintiff did not understand that a deal was made and the communications from her counsel indicated that the deal could not be finalized until he reduced the liens against the settlement. Here, the parties, through their respective counsel, entered into an enforceable settlement on June 27, 2019. The intentions of the parties are not in question. There was clearly a meeting of the minds as the terms of the settlement were agreed to and, it was communicated to the Court and the lien holder multiple times that this matter was settled. Plaintiff's counsel reviewed the settlement agreement and had no changes to the agreement. In fact, Plaintiff's counsel stated he would have the settlement agreement signed by his client. Plaintiff did not complain of any terms of the settlement agreement. The parties agree that the terms of the settlement are not in dispute. The law is clear, there is an enforceable settlement when there is a meeting of the minds between the parties on all essential terms and, therefore, this is an enforceable settlement and contract. The Petitioner admitted during her testimony that she could see why her attorney thought the case was settled. The testimony of the Petitioner indicated to the Court that she now did not like the amount, but failed to communicate anything to her attorney until she refused to sign the document, after he had already reduced the medical liens in the case, increasing the amount that she will receive. Ms. Haywood failed to demonstrate that her attorney acted without her approval in negotiating and accepting the $100,000 offer shortly after the mediation hearing."

Although Haywood claimed she did not want to settle the case, the district court noted and resolved the conflicting evidence on this point. We cannot reweigh evidence or resolve conflicting evidence. *Hodges*, 288 Kan. at 65. The district court's finding there was an enforceable settlement agreement is properly supported by substantial competent evidence.

Haywood argues there was no enforceable agreement because she never signed the final written settlement agreement. This argument is unpersuasive because an oral settlement agreement is enforceable under Kansas law. See *Lewis v. Gilbert*, 14 Kan. App. 2d 201, 203, 785 P.2d 1367 (1990). Haywood further argues there was never a valid meeting of the minds as to the agreement because any agreement was unreasonable and unconscionable. However, she fails to explain what was unconscionable about the agreement other than her conclusory allegation there was an "irreconcilable conflict of interest" between herself and her attorney. Even so, she fails to explain the nature of the alleged conflict of interest.

We decline to consider Haywood's claim of unconscionability as this is a fact question that was never raised before the district court. See *Via Christi Regional Med. Center, Inc.*, 298 Kan. at 525. We have no obligation to review an unpreserved claim. *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020). Additionally, it would be an abuse of discretion for us to review the issue because the record on appeal submitted by Haywood is insufficient to address the point. See *State v. Allen*, 314 Kan. 280, 284, 497 P.3d 566 (2021) ("An appellate court abuses its discretion to take up a newly raised issue if deciding its merits would require the court to make factual findings such as credibility determinations, resolving evidentiary conflicts, and reweighing evidence. These are typically tasks an appellate court may not perform when the factual issues could have been fully litigated before the appeal. [Citations omitted.]"); *Kansas Medical Mutual Ins. Co. v. Svaty*, 291 Kan. 597, 623-24, 244 P.3d 642 (2010) ("[P]arty asserting an argument

6

has the responsibility for providing a record on appeal sufficient to support the argument.").

Haywood further alleges various violations of her constitutional and statutory rights, asserting she was denied her right to a jury trial, denied due process, and received ineffective assistance of counsel. These issues were never raised or ruled on below, and Haywood fails to cite any preservation exception that would allow us to consider her arguments for the first time on appeal. Generally, issues not raised before the district court cannot be raised on appeal. *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016). And constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 36) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Our Supreme Court has warned that Rule 6.02(a)(5) would be strictly enforced, and litigants who failed to comply with this rule risked a ruling that the issue is improperly briefed and will be deemed waived or abandoned. See *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018).

Haywood's arguments on these points are conclusory and lack support in the record. By agreeing to the settlement, she waived the rights she now complains about. We exercise our discretion and decline to consider these unpreserved claims of error. See *Gray*, 311 Kan. at 170.

As a final point, Haywood argues there was no final judgment entered by the district court. As our Supreme Court has noted:

> "A 'final decision' generally disposes of the entire merits of the case and leaves no further questions or the possibility of future directions or actions by the court. We have noted that the phrase 'final decision' is self-defining and refers to an order that definitely

7

terminates a right or liability involved in an action or that grants or refuses a remedy as a terminal act in the case. *Flores Rentals v. Flores*, 283 Kan. 476, 481-82, 153 P.3d 523 (2007)." *In re T.S.W.*, 294 Kan. 423, 433, 276 P.3d 133 (2012).

We observe the district court's memorandum decision and order enforcing the settlement agreement left no further questions to be decided. In fact, the district court subsequently filed an entry stating, in relevant part: "Case settled with Judicial conference. Case closed." Haywood's argument is contrary to the record. But even if she was correct, it would simply demonstrate her appeal should be dismissed for lack of jurisdiction. Under K.S.A. 2021 Supp. 60-2102(a)(4), a party may appeal a "final decision in any action" as a matter of right. If, as Haywood contends, the district court did not enter a final order, "the appeal is interlocutory and must be dismissed." *Nickels v. Board of Education of U.S.D. No. 453*, 38 Kan. App. 2d 929, 931, 173 P.3d 1176 (2008).

However, we find the district court properly determined there was a valid enforceable settlement agreement and entered a final order reflecting the case was resolved.

Affirmed.